**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher Ray PLOUFFE,**
**Defendant–Appellant.**

No. 05–30045.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2005.*

Filed Jan. 18, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeremy S. Yellin, Havre, MT, for defendant-appellant Christopher Ray Plouffe.

Joseph E. Thaggard, Assistant United States Attorney, Great Falls, MT, for plaintiff-appellee United States of America.

Before GOULD, BERZON, Circuit Judges, and WILLIAM W. SCHWARZER,** District Judge.

GOULD, Circuit Judge.

Christopher Ray Plouffe appeals his 71–month sentence imposed after his guilty-plea conviction on one count of assault resulting in serious bodily harm in violation of 18 U.S.C. §§ 113(a)(6) and 1153. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review sentences imposed after the Supreme Court's decision in *United States v. Booker* for "unreasonableness." 543 U.S. 220, 125 S.Ct. 738, 765–66, 160 L.Ed.2d 621 (2005). In determining whether a sentence is unreasonable, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines.[1] *Id.*

The district court considered Plouffe's history and characteristics, which were described in the presentence report; Plouffe's role in the offense; the need to protect the public while providing appropriate punishment for the offense; and the now-advisory Sentencing Guidelines range of 57–71 months. The court then imposed a sentence that was within the guideline range, albeit at the top of the range. The district court's approach was reasoned and it addressed factors specified in § 3553(a). We conclude that Plouffe's 71–month sentence is reasonable, and we will not disturb the discretion of the sentencing court.

That Plouffe's sentence is nearly twice as long as the 37–month sentence imposed on his co-defendant, Mad Plume, is not grounds for finding that Plouffe's sentence is unreasonable, as urged by Plouffe. Rather, this result is consistent with the directive of *Booker* that sentencing courts are to consider how the sentencing factors apply to each defendant and determine whether an individualized sentence is warranted. *Id.* at 767 (noting that, without its mandatory provision, the Sentencing Reform Act remains consistent with Congress's intent to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities ... [and] *maintaining sufficient flexibility to permit individualized sentences when warranted.*") (emphasis added) (alteration in original) (internal quotation marks omitted). Because Plouffe's criminal history was different from that of his co-defendant, the district

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

court had a reasonable basis under the advisory Sentencing Guidelines for the difference in the sentence each received, and this difference does not require relief for Plouffe.

**AFFIRMED.**