**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alfonso LACSON, Jr., Defendant—Appellant.**

**No. 05–30208.**

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2006.*

Decided April 27, 2006.

Ye–Ting Woo, Esq., Jeffrey B. Coopersmith, Esq., Richard E. Cohen, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert S. Mahler, Esq., Bullivant Houser Bailey, PC, Seattle, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Alfonso Lacson, Jr. appeals his 30–month sentence imposed after he pled guilty to one count of securities fraud.[1] Lacson contends that the sentencing judge

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.

violated 18 U.S.C. § 3553(a) by not adequately considering the factors listed in § 3553(a). We have jurisdiction under 18 U.S.C. § 3742(a) to review a sentence imposed within the appropriate Guideline range. *See United States v. Plouffe,* 436 F.3d 1062 (9th Cir.2006), *amended by* 445 F.3d 1126, No. 05–30045, 2006 WL 1044228 (9th Cir. Apr.21, 2006).

We review Lacson's 30–month sentence for reasonableness. *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). At the sentencing hearing, the district court weighed the Sentencing Guidelines range of 30 to 37 months and considered other 18 U.S.C. § 3553(a) sentencing factors, noting that the conduct of the defendant and the harm caused to many people did not justify a sentence below the applicable Guidelines range.

"To comply with the requirements of *Booker,* the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a)." *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). "This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *Id.*

The record does not show that the district court in this case failed to exercise its discretion permissibly or failed to consider the factors relevant to the exercise of discretion. The district court did not ignore any plausible arguments made by Lacson. Lacson contends that the district court erred by not considering the many actors in the relevant securities fraud transactions who were not charged with a crime. However, any consideration of the disparity in punishment between Lacson and other uncharged individuals does not properly fall under one of the factors listed in § 3553(a). Section 3553(a)(6) requires consideration of "the need to avoid unwarranted sentence disparities among *defendants* with similar records who have been found guilty of similar conduct," but not uncharged individuals who may have committed the same crimes. 18 U.S.C. § 3553(a)(6) (emphasis added). Regardless of whether the district court may have been allowed to consider this evidence if desired, it did not violate § 3553(a) by refusing to do so. To the extent that Lacson sought mitigation because the Guidelines calculation overstated the seriousness of his conduct, the district court clearly believed that Lacson was not a minimal participant in the fraudulent transactions and could not avoid responsibility for his participation in the fraud.

Even though the district court did not expressly refer to each of the § 3553(a) factors in imposing a particular sentence, the district court stated case-specific reasons for the sentence that were based on a consideration of the § 3553(a) factors. In addition, there is no evidence that the district court ignored mitigating evidence that should have been considered under one of the § 3553(a) factors. Because the district court appropriately exercised its discretion in imposing a sentence after *Booker,* and there is no showing that the district court abused its discretion, the sentence is reasonable. *See Plouffe,* 436 F.3d at 1062.

AFFIRMED.