**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Josue CRUZ–PEREZ, Defendant—Appellant.**

**No. 05–50062.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Decided May 5, 2006.

---

Becky S. Walker, Esq., Shannon P. Wright, Esq., Office of the U.S. Attorney Criminal Division, Shannon P. Ryan, Esq., Asst. U.S. Attorney, Narcotics Section, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, B. FLETCHER, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Josue Cruz–Perez was convicted of one count of illegal reentry under 8 U.S.C. § 1326. The district court calculated the applicable range under the advisory Sentencing Guidelines as forty-six to sixty months, and it sentenced Mr. Cruz–Perez at the low end of that range. Mr. Cruz–Perez raises several objections to his sentence on appeal. We have jurisdiction to review his sentence, *United States v. Plouffe*, 436 F.3d 1062 (9th Cir.2006), *as amended*, 2006 WL 1044228 (9th Cir. Apr.21, 2006), and we affirm.

■ Mr. Cruz–Perez first argues that his sentence is invalid because the district court relied on inaccurate information in the presentence report (PSR). Yet he failed to mention these errors when the district court asked whether he had any objections to the PSR, and we therefore review only for plain error any flaws that may have been introduced into the sentencing process by virtue of these inaccuracies. Mr. Cruz–Perez concedes that the district court correctly calculated the applicable sentencing range, notwithstanding the inaccuracies in the PSR. And even though the district court referred to some of the inaccurate information when explaining its sentencing decision, the court's analysis was still valid—the inaccuracies in the PSR pertained only to the specific charges that had previously been brought against Mr. Cruz–Perez, not the underly-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ing conduct on which the district court based its sentencing decision. We are therefore unable to find that the alleged error is "plain," much less that it affected Mr. Cruz–Perez's "substantial rights." *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Mr. Cruz–Perez next argues that his sentence is unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We disagree. At sentencing, the district court took notice of Mr. Cruz–Perez's personal history and his family's history, and the court decided that his circumstances were not so unusual as to merit a sentence outside of the advisory guidelines range. Based on our own review of the record, we conclude that the district court properly considered and applied the various sentencing considerations articulated in 18 U.S.C. § 3553(a), and that its decision to sentence within the advisory guidelines range was reasonable. We are unpersuaded that Mr. Cruz–Perez's case is so exceptional as to require a sentence below the advisory range.

■ Finally, Mr. Cruz–Perez argues that a remand is required because the district court failed to include a statement of reasons for its sentencing decision along with its written judgment. But he cites no authority, and we are aware of none, to support his argument that a remand is required whenever the written decision of the sentencing judge fails to replicate precisely the court's oral pronouncement. *United States v. Hicks,* 997 F.2d 594 (9th Cir.1993), is not to the contrary. That case stands only for the proposition that a remand is necessary "where there is a *direct conflict* between an unambiguous oral pronouncement of sentence and the written judgment and commitment." *Id.* at 597 (quoting *United States v. Munoz–Dela Rosa,* 495 F.2d 253, 256 (9th Cir. 1974)) (emphasis added). Here, no conflict

exists. Indeed, the district court's written judgment is perfectly consistent with its oral pronouncement. Therefore, no remand is necessary. *See United States v. Capriola,* 537 F.2d 319, 321 (9th Cir.1976) (en banc) (noting that district courts "may easily make their explanation orally during the sentencing procedures" and holding that "[a] formal statement of reasons is not necessary").

The sentence imposed by the district court is AFFIRMED.