**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Leopoldo OROS–RODRIGUEZ, Defendant—Appellant.**

No. 05–10457.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided May 16, 2006.

Don B. Overall, Ausa, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter Eric Herberg, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, BEEZER and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

MEMORANDUM *

Leopoldo Oros–Rodriguez appeals the reasonableness of his sentence imposed following his guilty plea conviction for unlawful reentry, in violation of 8 U.S.C. § 1326. We affirm.

We have jurisdiction to hear Oros–Rodriguez's appeal, despite the government's contrary arguments, because the Federal Sentencing Act " 'provide[s] for appeals from sentencing decisions (*irrespective of whether the trial judge sentences within or outside the Guidelines range* in the exercise of his discretionary power under § 3553(a)).' " *United States v. Plouffe*, 436 F.3d 1062 (9th Cir.2006) (quoting *United States v. Booker*, 543 U.S. 220, 260, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (citing 18 U.S.C. § 3742(a)-(b))) (original emphasis), *amended by* 445 F.3d 1126, 1128 (9th Cir. 2006).

Here, the district court acknowledged the advisory nature of the Guidelines, correctly calculated the Guidelines range and sentenced Oros–Rodriguez to the lower end of that range: "In considering everything in this matter, as I said, I don't think there is a basis for Guideline departure because, considering the Guidelines as advisory and weighing everything, including your lengthy criminal history, I believe that a sentence at the low end of the Guidelines is the appropriate disposition."

Because the court did not err in finding that the Pre–Sentence Report "reasonably addresse[d] in its totality the criminal conduct in question," and because the court "consider[ed] everything ... that was submitted" by Oros–Rodriguez, including newspaper articles, websites and reports on immigration, the court did not unreasonably sentence Oros–Rodriguez when it applied the factors set forth in 18 U.S.C.

§ 3553(a). The district court did not abuse its discretion in finding that Oros–Rodriguez's criminal history was an important factor warranting a longer sentence, one that distinguished him from other undocumented aliens convicted of illegal reentry.

Oros–Rodriguez nevertheless argues that his sentence was disproportionately high because the district court failed to give due weight to other alleged facts: that the United States seldom prosecutes the domestic employers who lure undocumented aliens like Oros–Rodriguez to the country and profit from the low-wage labor they provide; that many Americans benefit from and exploit illegal aliens like Oros–Rodriguez; that the United States has surrendered its sovereignty over the U.S.-Mexican border and thus cannot be said to have suffered trespass by aliens like Oros–Rodriguez; and that it makes no sense to punish Oros–Rodriguez for crossing a border that time will render obsolete, once the United States, Canada and Mexico succeed in forming a supra-national North American entity. The district court properly rejected these arguments as irrelevant to Oros–Rodriguez's own conduct and did not err in considering them insubstantial with regard to 18 U.S.C. § 3553(a).

Because the district court correctly calculated the Guidelines sentence and made reasonable sentencing decisions, Oros–Rodriguez's sentence is not unreasonable.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.