**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerardo REYES–OSORTO, aka Javier Canada–Domingo, Defendant–Appellant.**

No. 05–30461.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 7, 2006.*

Filed June 9, 2006.

Elizabeth A. Horsman, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff-Appellee.

Evangelo Arvanetes, Esq., FDMT–Federal Defenders of Montana (Great Falls), Great Falls, MT, for Defendant-Appellant.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Reyes–Osorto pleaded guilty to one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a). The district court sentenced him to a period of 87 months' imprisonment and three years of supervised release. Reyes–Osorto appeals the reasonableness of his sentence in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The parties are familiar with the facts of the case. We need not repeat them here.

We review a post-*Booker* sentence for reasonableness even if the sentence is within the Guidelines range. *United States v. Plouffe*, 436 F.3d 1062 (9th Cir. 2006), *amended by* 445 F.3d 1126 (9th Cir.2006); *United States v. Ameline*, 409 F.3d 1073, 1075, 1079 (9th Cir.2005) (en banc). Reyes–Osorto argues the district court imposed a sentence that was "great-er than necessary" to achieve the goals of sentencing in violation of 18 U.S.C. § 3553(a). The sentencing judge made his decision "[p]ursuant to 18 U.S.C. Section 3553(a), and after considering the U.S. Sentencing Guidelines and Policy Statements." In light of Reyes–Osorto's criminal history and repeated reentry after deportation, the sentencing judge was concerned that Reyes–Osorto is "a danger to society" and sentenced him to the high end of the range. The sentencing judge amply considered the § 3553(a) factors, the Guidelines and Reyes–Osorto's arguments at sentencing. Sentencing Reyes–Osorto to the high end of the Guidelines range was not unreasonable under the circumstances.

Reyes–Osorto also asserts the imposed sentence is unreasonable because he was treated more harshly than similarly situated defendants in the Southern District of California, the Eastern District of California and the Eastern District of Washington, which use "fast-track" sentencing. Sentencing disparities due to the use of fast-track sentencing procedures in certain districts do not make a sentence unreasonable. *United States v. Marcial–Santiago*, 447 F.3d 715 (9th Cir.2006).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.