**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vernon Morris MARSHALL,
Defendant–Appellant.**

**No. 05–50514.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2006.*

Filed June 12, 2006.

Becky S. Walker, Esq., Richard G. Stack, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jerry Kaplan, Esq., Kaplan, Kenegos & Kadin, Beverly Hills, CA, for Defendant–Appellant.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

Vernon M. Marshall pleaded guilty to one count of conspiring to prepare false tax returns, 18 U.S.C. § 371, and two counts of aiding and assisting in the preparation of false tax returns, 26 U.S.C. § 7206(2). Marshall argues on appeal that the court's errors in imposing supervised release conditions rendered his sentence unreasonable. *See United States v. Plouffe,* 436 F.3d 1062, 1063 (9th Cir.2006).

The court's use of the preponderance of the evidence standard in imposing additional supervised release conditions did not render Marshall's sentence unreasonable. "We have held that following *United States v. Booker,* district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard." *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006) (internal citation omitted).

Marshall also argues that the additional supervised release conditions imposed during his post-*Booker* resentencing rendered the sentence "greater than necessary" to comply with 18 U.S.C. § 3553(a). Contrary to the government's argument, Marshall's failure to raise this issue in a requested post-hearing filing constitutes only a forfeiture, not a waiver, of his rights. *See United States v. Alferahin,* 433 F.3d 1148, 1154 n. 2 (9th Cir.2006). We review the issue for plain error since the lack of specificity in Marshall's filing request prevents this court from concluding that Marshall knowingly abandoned the argument. *See id.* at 1154.

Reaching the merits, the court did not plainly err in imposing Marshall's supervised release conditions. Marshall admitted that he had an alcohol problem and his probation officer warned that Marshall would likely face challenges in continuing his recovery upon release. Moreover, given Marshall's evasive behavior regarding restitution payments, the court reasonably concluded that Marshall might recidivate

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in his income tax-evasion and cash-structuring activities if released without close supervision. Finally, the court stressed the severe effect of Marshall's fraud upon his community.

AFFIRMED.