UNITED STATES of America,
Plaintiff—Appellee,

v.

Arturo VEGA–BARAJAS, Defendant—
Appellant.

Nos. 05–30386, 05–30387.

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 2006.*

Decided June 12, 2006.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Alex B. Hernandez, III, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

# 580

Before: CANBY, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

We affirm the 57–month sentence the district court imposed on Arturo Vega–Barajas for being an alien in the United States following deportation and a prohibited person in possession of a firearm. 8 U.S.C. § 1326; 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Plouffe,* 436 F.3d 1062 (9th Cir.2006).

The district court properly found that Vega–Barajas's prior conviction exposed him to a statutory maximum sentence of twenty years imprisonment for his current offenses. *See Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that prior convictions may be used to enhance a defendant's sentence even if a jury did not find the fact of the conviction beyond a reasonable doubt); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir. 2000) (holding that we must follow *Almendarez–Torres* until the Supreme Court overrules it).

We review Vega–Barajas's ultimate sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a). *See United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). For a sentence to be reasonable, the district court must first accurately calculate an advisory sentence under the Sentencing Guidelines. *See United States v. Cantrell,* 433 F.3d 1269, 1279–81 (9th Cir.2006).

■ The district court properly enhanced Vega–Barajas's offense level under U.S.S.G. § 2L1.2(b)(1)(A) and U.S.S.G. § 2K2.1(a)(4)(A). Vega–Barajas's Sixth Amendment jury trial right did not bar using his prior conviction to enhance his offense level even though a jury did not find the fact of the prior conviction beyond a reasonable doubt. *See United States v. Weiland,* 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005). Vega–Barajas's conviction for Lewd Acts Upon a Child constitutes sexual abuse of a minor under U.S.S.G. § 2L1.2, and therefore the sixteen-level enhancement for a prior crime of violence enhancement applies to him. *See United States v. Medina–Maella,* 351 F.3d 944, 947 (9th Cir.2003). The district court properly found Vega–Barajas's prior conviction of a crime of violence; Vega–Barajas admitted that he was convicted of Lewd Conduct Upon a Child. The court properly took judicial notice of documents that established the statute under which he was previously convicted and the fact of that conviction.

■ Vega–Barajas's 57–month sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *See Cantrell,* 433 F.3d at 1279. The statutory factors require a district court to impose a sentence "sufficient, but not greater than necessary" to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public . . .; and to provide the defendant with needed . . . training, medical care, or other correctional treatment. . . ." 18 U.S.C. § 3553(a)(2). The district court must also consider: the nature and circumstances of the offense; the defendant's history and characteristics; the kinds of sentences available; the advisory sentencing guide-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

lines range; the Sentencing Commission's policy statements; unwarranted sentencing disparities; and restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

The district court sufficiently considered the relevant factors when it sentenced Vega–Barajas. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006) (holding that *Booker* requires the district court to consider the factors in section 3553(a)). A sentencing judge may sufficiently consider the sentencing factors even though he does not specifically articulate each factor or mechanically recite all of the factors at the sentencing hearing. *Id.; see also United States v. Dean,* 414 F.3d 725, 728–29 (7th Cir.2005). Here, the judge discussed the relevant considerations embodied in § 3553(a) and concluded that the most appropriate sentence was within the range the advisory sentencing guidelines recommended. Vega–Barajas's 57–month sentence was well within the reasonable range of sentences the district court could have imposed in light of the § 3553(a) factors. *See United States v. Zavala,* 443 F.3d 1165, 1168–69 (9th Cir. 2006).

**AFFIRMED.**