**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus ARREDONDO–VALENZUELA,
Defendant—Appellant.**

No. 05–30103.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

Pamela Jackson Byerly, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Amy H. Rubin, Esq., FPDWA–Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Jesus Arredondo–Valenzuela appeals from the 57–month sentence imposed fol-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

lowing his guilty-plea conviction for being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We reject Arredondo–Valenzuela's contention that his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court calculated the advisory Guidelines range, considered and rejected Arredondo–Valenzuela's contentions regarding sentence reductions for cultural assimilation and early disposition, weighed the 18 U.S.C. § 3553(a) sentencing factors, and imposed a sentence at the low end of the advisory Guidelines range. *See United States v. Plouffe*, 436 F.3d 1062, 1063 (9th Cir.), *as amended by* 445 F.3d 1126, *cert. denied*, —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

■ Arredondo–Valenzuela also contends that his constitutional rights were violated by the use of a prior conviction to enhance his sentence because he did not admit to the prior conviction and it was not proven to a jury beyond a reasonable doubt. This argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See also United States v. Weiland*, 420 F.3d 1062, 1079, n. 16 (9th Cir.2005) (noting that *Almendarez–Torres* is binding precedent unless and until it is explicitly overruled by the Supreme Court).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.