**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jeffrey Jay BRODSLY, Defendant—
Appellant.**

No. 05–30382.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ye–Ting Woo, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Timothy A. Scott, Esq., Law Offices of Timothy A. Scott, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Jeffrey Jay Brodsly appeals from the 37–month sentence imposed after a guilty plea to one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841 & 846. We affirm.

As a threshold matter, the government contends that this court lacks jurisdiction to review this appeal because Brodsly's sentence was lawful and within the range suggested by the United States Sentencing Guidelines (the "Guidelines"). This argument is foreclosed by *United States v. Plouffe,* 436 F.3d 1062 (9th Cir.2006), amended by 445 F.3d 1126, 1128 (9th Cir. 2006).

■ Brodsly contends that the district court committed Sixth Amendment error by treating the Guidelines as mandatory. The record does not support this contention. Rather, the district court correctly used the Guidelines range as a "starting point," *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006), and properly considered and applied the various sentencing considerations articulated in 18 U.S.C. § 3553(a). *See id.* at 1280–81; *see also United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006) (the requirement that a sentencing court consider the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 3553(a) factors "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence").[1] Accordingly, the resulting sentence is reasonable. *See Plouffe*, 445 F.3d at 1131.

■ Brodsly next contends that the district court erred in applying a two-level increase for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). We disagree. Brodsly does not dispute that he possessed a firearm during the commission of the conspiracy, and it was not "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n. 3; *see also United States v. Lopez–Sandoval*, 146 F.3d 712, 715 (9th Cir.1998) (affirming a firearm enhancement where the firearm was not present at the time of arrest). Accordingly, the district court properly applied a two-level enhancement for possession of a firearm. *See United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989).

**AFFIRMED.**

---

1. By letter dated April 26, 2006, Brodsly asks this Court, pursuant to Fed. R.App. P. 28(j), to consider *United States v. Zavala*, 443 F.3d 1165 (9th Cir.2006). Brodsly does not demonstrate, and the record does not indicate, that the district court made the guideline calculation the presumptive sentence and/or privileged it over the other § 3553 factors. *See id.* at 1170.

