**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Josee Angelo GOTTY, Defendant—**
**Appellant.**

**No. 05–30068.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Stephen F. Peifer, Esq., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laurie Bender, Esq., Portland, OR, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Josee Angelo Gotty appeals from the 170–month sentence imposed following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gotty contends that retroactive application of the remedial portion of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), violated his due process rights and the ex post facto clause. Both contentions are foreclosed by *United States v. Dupas,* 419 F.3d 916, 920–21, 924 (9th Cir.2005).

Gotty also contends the application of the career-offender provision of the Sentencing Guidelines violated his Sixth Amendment rights. However, this court has held that the Supreme Court's *Apprendi* line of Sixth Amendment jurisprudence does not preclude application of the career offender provision. *See United States v. Thomas,* 447 F.3d 1191, 1199–1200 (9th Cir.2006).

Finally, Gotty contends that the district court failed to consider the sentencing factors enumerated in 18 U.S.C. § 3553(a).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

However, the court expressly considered Gotty's psychiatric and criminal history, his age, and the potential danger he posed to the community, and imposed a sentence within the middle of the advisory sentencing guidelines range. As the result of the court's consideration of various factors, the sentence imposed was reasonable. *See United States v. Plouffe*, 436 F.3d 1062, 1063 (9th Cir.2006).

**AFFIRMED.**

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.