UNITED STATES of America,
Plaintiff—Appellee,

v.

Miguel Angel RAMOS–CONTRERAS,
Defendant—Appellant.

No. 05–30065.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Amy H. Rubin, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant-Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Miguel Angel Ramos–Contreras appeals from the 77–month sentence imposed after his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in applying an enhancement pursuant to 8 U.S.C. § 1326(b)(2) based on Ramos–Contreras' prior felony drug trafficking conviction. The fact of a prior conviction does not need to be admitted by the defendant or proven to a jury beyond a reasonable doubt for purposes of sentencing. *See United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (noting the continuing vitality of *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

The district court did not err in denying a downward departure for early disposition, because the prosecutor did not make such an offer. *See United States v. Marcial–Santiago,* 447 F.3d 715, 717–18 (9th Cir.2006) (holding sentence was not unreasonable where defendant was denied downward departure for early disposition in a district that had not implemented a fast-track program). Similarly, the district court was not required to grant a downward departure due to Ramos–Contreras' concession of deportation. *See Unit-*

ed States v. Martinez–Ramos, 184 F.3d 1055, 1058 (9th Cir.1999) (holding that "deportable status may not be a ground for downward departure from the applicable guideline range" for aliens convicted under 8 U.S.C. § 1326).

Finally, the district court properly calculated the guidelines range and considered the appropriateness of that range as applied to Ramos–Contreras in light of the statutory factors enumerated in 18 U.S.C. § 3553(a). The sentence imposed by the district court was reasonable. *See United States v. Plouffe,* 436 F.3d 1062, 1063 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

