**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hector FERNANDEZ–ESPARZA, Defendant—Appellant.**

No. 05–10300.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Robert A. Bork, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, Esq., FPDNV— Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Hector Fernandez–Esparza appeals from the 54–month sentence imposed following his guilty-plea conviction for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fernandez–Esparza contends that the district court erred in enhancing his sentence under 8 U.S.C. § 1326(b) based on non-jury fact-finding regarding his prior conviction. His contention is foreclosed. *See United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), even though it has been called into question, unless it is explicitly overruled by the Supreme Court); *United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir. 2004) (order).

Fernandez–Esparza next contends that his sentence was unreasonable pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We disagree.

Because the district court discussed Fernandez–Esparza's advisory sentencing guidelines range as well as sentencing factors from 18 U.S.C. § 3553(a), the 54–month sentence is reasonable. *See United States v. Plouffe,* 436 F.3d 1062, 1063 (9th Cir.2006) ("In determining whether a sentence is unreasonable, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines."); *see also United States v. Diaz–Argueta,* 447 F.3d 1167, 1171 (9th Cir.2006) (stating that the district court is not required to address all of the section 3553 factors).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

