**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

SYLVESTER NORMAN KNOWS HIS
GUN, III,
      *Defendant-Appellant.*

No. 04-30302

D.C. No.
CR-03-00094-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Submitted December 5, 2005*
Seattle, Washington

Filed February 15, 2006

Before: Ronald M. Gould and Marsha S. Berzon,
Circuit Judges, and William W Schwarzer,** District Judge.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Anthony R. Gallagher and Robin Hammond, Federal Defenders of Montana, Billings, Montana, for the defendant-appellant.

William M. Mercer, United States Attorney, and Marcia Herd, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

**OPINION**

GOULD, Circuit Judge:

Defendant Sylvester Knows His Gun, III ("Knows His Gun") appeals the district court's imposition of his sentence, contending that two sentencing enhancements violated the Sixth Amendment because the factual basis for them was not proven to a jury or admitted by Knows His Gun. *See United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005). He also seeks a remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), contending that the district court imposed the sentence under a mandatory regime without adequate consideration of all of the factors listed in 18 U.S.C. § 3553(a). We have jurisdiction under 28 U.S.C. § 1291 and we affirm the sentence imposed on Knows His Gun.

**I**

Knows His Gun was indicted by a grand jury on July 17, 2003, on one count of aggravated sexual assault of a child in

violation of 18 U.S.C. §§ 1153 and 2241(c). Knows His Gun had admitted under police questioning that he had sexually assaulted his younger nephew. On January 30, 2004, Knows His Gun pled guilty to the charged count. During the change of plea hearing, Knows His Gun admitted that he had engaged in improper sexual touching of the child. He admitted that the victim was "pretty young," estimating him to be about "4 or 5 years old." The district court accepted Knows His Gun's guilty plea based on these admissions.

Knows His Gun was sentenced on July 8, 2004. Using the 2003 version of the U.S. Sentencing Guidelines Manual ("U.S.S.G."), the district court imposed three "Specific Offense Characteristic" enhancements to Knows His Gun's sentence: a two-level increase because "the victim was . . . in the custody, care, or supervisory control of the defendant," U.S.S.G. § 2A3.1(b)(3)(A) (2003); a four-level increase because the victim of the criminal sexual abuse was under twelve years old, U.S.S.G. § 2A3.1(b)(2)(A); and a two-level increase because Knows His Gun "should have known that [the] victim of the offense was a vulnerable victim," U.S.S.G. § 3A1.1(b)(1).

Knows His Gun objected at his sentencing hearing to both of the two-level enhancements imposed under U.S.S.G. § 2A3.1(b)(3)(A) and U.S.S.G. § 3A1.1(b)(1),[1] arguing that they were based on facts not admitted by the defendant or proven to a jury. Knows His Gun also objected to the validity and constitutionality of the Guidelines, arguing that the Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004), rendered the Sentencing Guidelines unconstitutional. The district court overruled the first objection by holding that Knows His Gun admitted the factual basis of all enhancements during the change of plea hearing. In response to Knows His Gun's objection to the Guidelines as a whole,

---

[1]At the sentencing hearing, Knows His Gun withdrew his objection to the four-level enhancement under U.S.S.G. § 2A3.1(b)(2)(A).

the district court stated that it would impose an alternate sentence in the event that the Guidelines were later held unconstitutional. The district court stated that, in formulating this alternate sentence, the court "will consider the guidelines as providing useful instruction on the appropriate sentence, although they will not be given the force of law." The district court reasoned that it would consider the Guidelines for this alternate sentence because it believed that the "Sentencing Commission has carefully and thoughtfully developed the guidelines over many years, and they generally produce sentences that accord with not only the public's but the Courts' view of just punishment." The district court first issued a primary sentence of 132 months followed by supervised release on defined conditions. The sentence length was within the applicable Guidelines range of 121 to 151 months. The alternate sentence imposed by the district court had imprisonment length and supervised release conditions identical to the primary sentence.

## II

[1] Knows His Gun asserts that the challenged enhancements increased his sentence based on facts not admitted by him or proven to a jury beyond a reasonable doubt and therefore in violation of the Sixth Amendment.[2] The United States Supreme Court, after holding that the mandatory Sentencing Guidelines as constituted violated the Sixth Amendment, severed from the Sentencing Reform Act "the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure) and the provision that sets forth standards of review on appeal, including *de novo* review of depar-

---

[2]"This court reviews the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

tures from the applicable Guidelines range." *Booker*, 125 S. Ct. at 764 (citation omitted). The Guidelines as a whole must still be considered by the district court in formulating a sentence; however, they are not to be applied in a mandatory fashion. *See United States v. Menyweather*, 431 F.3d 692, 696 (9th Cir. 2005).

[2] We have previously addressed how the Guidelines are to be considered after *Booker*: "A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system." *Ameline*, 409 F.3d at 1078. "Therefore, if a particularly prescient sentencing judge, pre-*Booker*, had made and used the same extra-verdict findings under the same mandatory guidelines regime, but made clear that he was treating the Guidelines as advisory rather than binding, no Sixth Amendment violation would have occurred under *Booker*." *Id.* at 1077.

Although the district court imposed the primary sentence for Knows His Gun based on its calculation of the Sentencing Guidelines, the district court also imposed an alternate sentence for Knows His Gun, for which the district court stated that it would not be bound by the Guidelines, but would use the Guidelines as "useful instruction." The district court recognized that for this alternate sentence, it would have discretion to impose any sentence within the statutory range.

Other circuits have held that a defendant's sentence does not violate the Sixth Amendment under *Booker* if the district court accurately predicted the outcome of *Booker* in an alternate sentence.[3] *See United States v. Bryant*, 420 F.3d 652, 655

---

[3]The D.C. Circuit notably recognized that courts have either analyzed alternate sentences as a means to prevent *Booker* error in the sentence or, alternatively, they begin by "assuming that *Booker* error in a district court's primary sentence constitutes error in the judgment, and then asking whether the court's pronouncement of a lawful alternative sentence renders that error harmless." *United States v. Simpson*, 430 F.3d 1177, 1190

(7th Cir. 2005) ("There was nothing wrong with the judge's attempt to anticipate the state of the federal guidelines and render a sentence accordingly, particularly in light of *Blakely* and this court's *Booker* opinion — both of which cast significant doubt on the continued viability of the federal sentencing scheme as it stood.").

**[3]** We hold that a sentence does not contain constitutional *Booker* error if the district court provided an alternative sentence, or a rationale for the primary sentence, that correctly anticipated the holding of *Booker* and exercised discretion in imposing a sentence within the statutory range. Because we hold that the district court here correctly predicted that it was not bound by the Guidelines, Knows His Gun's sentence did not contain a Sixth Amendment violation under *Booker* that would have resulted from extra-verdict findings in a mandatory guidelines system.

## III

**[4]** Knows His Gun also seeks a remand under *Ameline* based on nonconstitutional *Booker* error. Nonconstitutional *Booker* error may result if the district court did not adequately consider the factors listed in 18 U.S.C. § 3553(a), including consideration of the Sentencing Guidelines, in imposing a discretionary sentence. *See Booker*, 125 S. Ct. at 766 ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.").

---

(D.C. Cir. 2005); *see also United States v. Porter*, 417 F.3d 914, 917 (8th Cir. 2005) ("In some circumstances, an alternative sentence can render a *Booker* error harmless. Or perhaps more precisely, an alternative sentence can demonstrate that the district court's imposition of sentence involved no error at all, because in one of the alternatives, the sentence was imposed consistent with *Booker*." (citation omitted)); *United States v. Hill*, 411 F.3d 425, 426 (3d. Cir. 2005) (holding that where "a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under *Booker* is harmless").

Although Knows His Gun objected at sentencing "to the validity and constitutionality of the guidelines" based on *Blakely*, he did not object on the ground that the district court did not sufficiently address and apply the factors listed in § 3553(a). *See United States v. Dowd*, 417 F.3d 1080, 1091 (9th Cir. 2005) ("Understandably, the defendant did not raise this statutory error before the district court, and we therefore apply plain error review."), *cert. denied*, 126 S. Ct. 816 (2005). We therefore review his claim of nonconstitutional *Booker* error for plain error.

"Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.' " *Ameline*, 409 F.3d at 1078 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). "If these three conditions of the plain error test are met, an appellate court may exercise its discretion to notice a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* (quoting *Cotton*, 535 U.S. at 631).

We must first determine whether there was any *Booker* statutory error in the sentence of Knows His Gun before we can determine whether, in light of the other elements for plain error, the defendant was entitled to a limited remand under *Ameline*.[4] To comply with the requirements of *Booker*, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence. *See United States v. Delgado*, 357 F.3d 1061, 1071 (9th Cir.

---

[4]The limited remand procedure set forth in *Ameline* applies to both constitutional and nonconstitutional *Booker* error. *United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005) ("We conclude that defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional.").

2004) ("District courts must provide defendant-specific reasons for imposing a certain sentence to comply with § 3553."); *United States v. Johnson*, 998 F.2d 696, 698 (9th Cir. 1993) (stating that § 3553(a) provides "a list of factors to guide the district court's discretion rather than a checklist of requisites").

**[5]** In formulating the primary sentence under the mandatory guidelines system, the district court in this case had already and explicitly considered many of the factors listed in § 3553(a), stating that the sentence of 132 months "would meet the purpose of sentencing, which is punishment, deterrence, rehabilitation, and community protection." The district court also stated that it "considered the nature and circumstances of the instant offense" and imposed a sentence that "accurately reflects the seriousness and detrimental effects of the crime." Because the district court considered the Guidelines in an advisory manner for the alternate sentence, these § 3553(a) factors, such as punishment, deterrence, rehabilitation, and community protection, which were incorporated within the primary sentence, were necessarily considered in formulating the identical alternate sentence that the district court gave. The court gave that sentence on the premise that mandatory Guidelines were unconstitutional and that it would treat the Guidelines as discretionary, viewing them as "useful instruction." The district court did not assume that it would have unfettered discretion after *Booker* to choose any sentence without guidance. Rather, we conclude that the district court's alternate characterization of the Guidelines as "useful instruction" supports that the district court's alternate sentence proceeded under a constrained discretion, illuminated by the Guidelines and the analysis of § 3553(a) factors that the district court had already reviewed. *See United States v. Fuller*, 426 F.3d 556, 560 (2d Cir. 2005) (holding that an identical alternate sentence was impermissible under *Booker* "[b]ecause the District Court imposed its alternative non-Guidelines sentence on the assumption that the Guidelines 'don't exist at all' — and thereby acted on a proverbial blank

slate without explicitly considering all the factors listed in 18 U.S.C. § 3553(a), including the Guidelines"); *Porter*, 417 F.3d at 917 ("We cannot say that the court contemplated an advisory guidelines system under which it was required to consider the advisory guideline range as one factor among others listed in 18 U.S.C. § 3553(a).").

**[6]** The district court also stated that the alternate sentence was imposed after "consideration of all relevant evidence" and its "view of just punishment." This articulation of two of the factors listed in § 3553(a) in imposing the alternate sentence, in addition to its previous articulation of other § 3553(a) factors when the district court imposed the primary sentence, reinforces our view that the district court adequately considered § 3553(a) factors. Therefore, the district court validly imposed the alternate sentence on Knows His Gun after taking into account the Guidelines as well as other sentencing goals. *See Booker*, 125 S. Ct. at 764. We conclude that the district court did not violate any post-*Booker* statutory requirements in its formulation of the alternate sentence.

Knows His Gun argues in supplemental briefing that a remand is appropriate so that he can "exercise his right to allocution unencumbered by the mandatory nature of the Guidelines" and also introduce evidence of other factors, such as "background, character and conduct," which were not relevant under a mandatory Guidelines regime. However, the district court announced at the beginning of the sentencing hearing its intention to provide an alternate sentence not dictated by the Guidelines. Therefore, Knows His Gun had the opportunity to exercise any right of allocution during the hearing with the understanding that the district court would not be encumbered by the mandatory Guidelines. Neither Knows His Gun nor his counsel made a request during the sentencing hearing to present additional information that was not relevant under the Guidelines. *See Simpson*, 430 F.3d at 1188 ("The flaw in Simpson's general argument is that, although consideration of some mitigating factors was indeed

barred (or limited) under the mandatory Guidelines regime, the alternative sentencing methodology employed by his sentencing court did not treat the Guidelines as mandatory." (citation omitted)). Because Knows His Gun did not suggest any additional factors at the time of sentencing, we cannot say that there was plain error when the district court did not consider factors that were not raised by defendant. *See id.* at 1189 ("Given the multitude of factors potentially relevant in a discretionary sentencing scheme, we must be particularly cautious in finding plain error when trial counsel has failed to suggest a particular factor, lest we end up remanding whenever appellate counsel asserts a factor her predecessor did not.").

**AFFIRMED.**