MEMORANDUM **
Omar Maldonado-Gutierrez challenges the reasonableness of his sentence under United States v. Booker, 543 U.S. 220, 125 *796 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm the sentence.
Under Booker, the United States Sentencing Guidelines are advisory but must be considered by the district court, along with the other factors set forth in 18 U.S.C. § 3553(a), in imposing a sentence. See Booker, 543 U.S. at 259-60, 125 S.Ct. 738. The record clearly demonstrates that the district court recognized the advisory nature of the Guidelines. Furthermore, the district court explicitly and sufficiently took into account both the Guidelines and the requirements of § 3553(a) to impose a sentence that was sufficient but not excessive. See United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir.2006) (“[Booker's] requirement does not necessitate a specific articulation of each [§ 3553(a) ] factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence.”). The sentence imposed was in the center of the Guidelines range and was calculated in accordance with the contingency provisions of the defendant’s plea agreement, by which the court was not bound in any event. See Fed. R.Crim.P. 11(c)(1)(B); United States v. Kennell, 15 F.3d 134, 136 (9th Cir.1994) (noting, in relation to the predecessor of Rule 11(c)(1)(B), that the district court could properly “reject the recommended sentence and ... bind the defendant to a higher sentence”). We therefore reject Maldonado-Gutierrez’s claim that his sentence was “unreasonable” under Booker, 543 U.S. at 259-60, 125 S.Ct. 738.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.