**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Roberto LOPEZ–PATINO, Defendant—**
**Appellant.**

**No. 05–10252.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 2006.

Filed March 31, 2006.

David L. Gappa, Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Melody M. Walcott, Esq., FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and HAWKINS, Circuit Judges.

MEMORANDUM *

Roberto Lopez–Patino ("Lopez–Patino") appeals his conviction and sentence for illegal reentry into the United States after removal in violation of 8 U.S.C. § 1326. We affirm.

■ The district court did not err in articulating its analysis of the 18 U.S.C. § 3553(a) sentencing factors. Although, post-*Booker*, district courts are required to consider the factors found in § 3553(a), this does not necessitate a specific articulation of each factor separately, but instead calls for a showing that the district court considered the statutorily-designated factors in imposing the sentence. *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006). The record demon-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

strates that the district court sufficiently considered the § 3553(a) factors in imposing Lopez–Patino's sentence.

Lopez–Patino also argues that, in light of *Booker,* the district court is free to grant the additional one-level downward departure for acceptance of responsibility found in U.S.S.G. § 3E1.1(b) without the requisite motion from the government. However, at least one of our sister circuits has explicitly refused to extend the central holding of *Booker* to § 3E1.1(b). *See United States v. Smith,* 429 F.3d 620, 628 (6th Cir.2005). Nevertheless, even assuming that the district court had the discretion to award a § 3E1.1(b) sentence reduction in the absence of a motion from the government,[1] the court did not abuse its discretion by denying the departure in this case, because, as the court noted, Lopez–Patino had not been timely in assisting the prosecution in its case. The § 3E1.1(b) downward departure is designed to reward those defendants that have assisted authorities in a manner that avoids expending time and expense in preparation for trial. U.S.S.G. § 3E1.1, Application Note 6.

Finally, the district court did not abuse its discretion by admitting into evidence two sworn statements provided by Lopez–Patino, even though they contained virtually the same information. In reviewing the district court's decision, we weigh the probative value of the evidence against the danger of unfair prejudice to the defendant and considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Crosby,* 75 F.3d 1343, 1346–47 (9th Cir. 1996). In addition, Rule 403 favors the inclusion of evidence—excluding it only if the probative value is "substantially outweighed" by these risks. FED.R.EVID. 403.

Given the government's high burden of proof, and the statements' vulnerability to attacks on their reliability, it was not an abuse of discretion for the district court to admit both statements. Because they were given at two different times, the probative value of the two separate but consistent statements was quite high. Furthermore, the trial began with jury selection in the morning and ended with a verdict on the same day. In addition, the government introduced only seven documents and relied on testimony from only three witnesses. Therefore, there was little danger of an undue delay or waste of time in this case.

AFFIRMED.

---

1. The district court appears to have also made such an assumption, denying the request for the additional departure on the merits rather than on the basis that the government had failed to make the required motion.

