**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Claude Calvin MOTT, Defendant–Appellant.**

**No. 05–50763.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2006.*

Filed April 25, 2006.

Richard C. Cheng, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marisa Lynne Dersey, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.**

MEMORANDUM ***

Claude Calvin Mott pled guilty to the first count in an indictment charging him with Importation of a Controlled Sub-

** The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

stance in violation of 21 U.S.C. §§ 952, 960. Mott appeals the district court's imposition of a 27–month sentence. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's imposition of a sentence to determine whether it is reasonable. *United States v. Booker*, 543 U.S. 220, 260–61, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm the district court's decision to impose a 27–month sentence.

The district court acted reasonably because it considered all the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Booker*, 543 U.S. at 259–60, 125 S.Ct. 738 (holding that judges must "impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care").

Although the district court did not individually articulate each statutory sentencing factor, it acted reasonably because the district court specifically stated that it considered 18 U.S.C. § 3553(a) during the sentencing hearing. *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) ("This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence.").

The district court adequately considered the nature of the offense as well as the history and characteristics of Mott. *See* 18 U.S.C. § 3553(a)(1). The record demonstrates that the district court gave proper attention to Mott's mental and physical health, the death of his parents, and his financial motivation for the crime.

The district court adequately considered whether the sentence was necessary for deterrence, protection of the public, or providing training for Mott. *See* 18 U.S.C. § 3553(a)(2)(B—D). The record demonstrates that the district court relied on these considerations as its basis for granting downward adjustments and for imposing a sentence at the low end of the Guidelines range.

Finally, the district court adequately considered the availability of alternative sentences. *See* 18 U.S.C. § 3553(a)(3). In reviewing Mott's sentencing memorandum and his argument at the sentencing hearing, the district court sufficiently considered the possibility of imposing a sentence of time served followed by a period of home confinement as a condition of supervised release.

The district court's imposition of a 27–month sentence is reasonable.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.