**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Teresa GONZALEZ, Defendant—
Appellant.**

**No. 05–50712.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2006.*

Filed April 25, 2006.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Jennifer L. Waier, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff—Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES,** District Judge.

## MEMORANDUM ***

Teresa Gonzalez appeals the sentence and restitution order imposed by the fed-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Robert C. Jones, United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

eral district court as a result of her conviction for bank fraud. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Gonzalez claims that the restitution order improperly exceeds the amount of the victim's actual loss. We find that defense counsel's statements during the sentencing hearing withdrew any objection to the restitution amount, so we may only review the restitution award under the plain error standard. *United States v. Newman*, 6 F.3d 623, 629 (9th Cir.1993). To warrant relief under this demanding standard, there must have been (1) error (2) that is plain and (3) affected Gonzalez's substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Furthermore, we grant relief under this standard only where the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings" and "a miscarriage of justice would otherwise result." *Id.* at 736, 113 S.Ct. 1770 (alteration in original) (internal quotation marks and citation omitted). The burden of demonstrating plain error is on Gonzalez, *see United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), and she has not met that burden. Complicated by the commingling of funds from another scheme in the same bank account, the record evidence does not allow us to hold, under the plain error standard, that the district court improperly awarded restitution of funds beyond what is statutorily prescribed. *See* 18 U.S.C. §§ 3663A, 3664.

█ In calculating a sentencing range under the advisory United States Sentencing Guidelines ("USSG"), the district court properly enhanced the offense level on the ground that the offense involved at least 50 victims under USSG § 2B1.1(b)(2)(B) (2004). We may reverse a sentence if it was "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a); *see United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006). Here, however, the plea agreement expressly provided that "Defendant agrees ... that at the time of sentencing the Court may consider the [possession of stolen mail] count[ ] in determining the applicable Sentencing Guidelines range." The Guidelines provide that, "in a case in which the stolen property ... possessed was undelivered United States mail," each addressee constitutes a victim. USSG § 2B1.1 cmt. n. 4(c)(i). As Gonzalez admitted to stealing such mail, and as we find that the evidence supports that there were more than 50 mail victims, the enhancement under USSG § 2B1.1(b)(2)(B) was proper.

█ The district court did not impose an unreasonable sentence under *United States v. Booker*, 543 U.S. 220, 260–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In addition to recognizing the requirements of 18 U.S.C. § 3553(a) and the advisory nature of the Guidelines, the court mentioned the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for consistency with similarly situated defendants. *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) (establishing that *Booker* "does not necessitate a specific articulation of each [§ 3553(a) ] factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence"). Furthermore, the sentence is not unreasonable in comparison with sentences we have previously upheld for comparable convictions. *See United States v. Alarcon–Simi*, 300 F.3d 1172 (9th Cir. 2002); *United States v. Connelly*, 156 F.3d 978 (9th Cir.1998); *see also United States v. Menyweather*, 431 F.3d 692, 701 (9th

Cir.2005) (endorsing such a comparative review).

Gonzalez's ex post facto claim is not materially distinguishable from the one rejected in *United States v. Dupas*, 419 F.3d 916 (9th Cir.2005).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.