**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel QUINTERO, aka Miguel Martinez, aka Colorado, aka Mike, aka Miguel Quintero Vargas. Defendant–Appellant.**

**No. 05–50251.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2006.*

Filed April 25, 2006.

Mark A. Young, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Diane E. Berley, Esq., Los Angeles, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES,** District Judge.

MEMORANDUM ***

Miguel Quintero appeals the 235–month sentence imposed following his guilty-plea conviction for (1) conspiracy to manufacture, possess, and distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute 10,200 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Quintero claims that the district court erred in imposing his sentence, and he seeks a remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). Quintero contends that the district court committed nonconstitutional *Booker* error by imposing the sentence under a mandatory sentencing regime without adequate consideration of all the factors listed in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The claim of nonconstitutional *Booker* error is reviewed for plain error. *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006).

In order to comply with the requirements of *Booker*, "the district court must have sufficiently considered the [Sentencing] Guidelines as well as the other factors listed in [18 U.S.C.] § 3553(a). This requirement does not necessitate a specific

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *Id.* (citing *United States v. Delgado,* 357 F.3d 1061, 1071 (9th Cir.2004)). "The Guidelines as a whole must still be considered by the district court in formulating a sentence; however, they are not to be applied in a mandatory fashion." *Id.* at 917 (citing *United States v. Menyweather,* 431 F.3d 692, 696 (9th Cir.2005)). *Booker* "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well." 543 U.S. at 245–46, 125 S.Ct. 738 (citations omitted).

The limited remand procedure established in *Ameline* "is invoked only when it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Guidelines are advisory rather than mandatory." 409 F.3d at 1083. Here, in Quintero's post-*Booker* sentencing hearing, it is clear from the record that the district court did in fact treat the Sentencing Guidelines as advisory. Although not required to do so, the district court also specifically described the factors it considered in imposing the sentence, including those enumerated in § 3553(a). Consequently, a limited remand under *Ameline* is unwarranted.

**AFFIRMED.**