**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robin Landrew PRYCE, Defendant—**
**Appellant.**

**Nos. 05–30639, 05–30640.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Joseph H. Harrington, Esq., U.S. Attorney's Office, Spokane, WA, for Plaintiff–Appellee.

Kathleen E. Moran, Esq., FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

In these consolidated appeals, Robin Landrew Pryce appeals from the 60–month sentence imposed following his guilty plea to conspiracy to import marijuana, unlawful importation of marijuana, improper entry into the United States, and failure to appear, in violation of 8 U.S.C. § 1325(a)(2), 18 U.S.C. § 3146(a)(1), and 21 U.S.C. §§ 952, 960. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the sentence for reasonableness, *see United States v. Booker,* 543 U.S. 220, 260–64, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we affirm.

Pryce contends that his sentence is unreasonable and that the district court failed to take into account all of the relevant considerations. His contention fails. To comply with the requirements of *Booker,* the district court must consider the Sentencing Guidelines and the factors listed in 18 U.S.C. § 3553(a). *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). However, this "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *See Knows His Gun,* 438 F.3d at 918. Here, the district court properly considered both the advisory Sentencing Guidelines and the § 3553(a) factors, specifically, seriousness of the actual offense behavior and public protection. *See id.*

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.