**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan ZUNIGA–CAMARENA, Defendant—Appellant.**

No. 05–10814.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Angela M. Martinez, Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff-Appellee.

Saul M. Huerta, Jr., Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant-Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Juan Zuniga–Camarena appeals from the 13–month sentence imposed following

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

his guilty-plea conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the sentence for reasonableness, *see United States v. Booker*, 543 U.S. 220, 260–64, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we affirm.

Zuniga–Camarena contends that his sentence is unreasonable and that the district court failed to take into account all of the considerations set out to guide sentencing. His contention fails. To comply with the requirements of *Booker*, the district court must consider the advisory Sentencing Guidelines and the factors listed in 18 U.S.C. § 3553(a). *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006). However, this "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *See Knows His Gun*, 438 F.3d at 918. Here, the district court properly considered the advisory Sentencing Guidelines and the § 3553(a) factors, specifically, promotion of respect for the law and the seriousness of the actual offense behavior. *Id.*

**AFFIRMED.**