UNITED STATES of America,
Plaintiff—Appellee,

v.

Sally L. GIBSON, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Sally L. Gibson, Defendant—Appellant.

Nos. 05–30156, 05–30601.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2006.

Filed Aug. 16, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

George JC Jacobs, III, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Beth M. Bollinger, Esq., Attorney at Law, Spokane, WA, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Appellant Sally L. Gibson appeals her conviction for wire fraud and conspiracy to commit wire fraud, her sentence of 30 months of imprisonment, 3 years of supervised release, and an order to pay restitution in the amount of $264,406.97. The facts and procedural history are known to the parties, and we do not repeat them here.

■ First, a rational trier of fact could have found the elements of the offenses proven beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Viewing the evidence in the light most favorable to the government, a rational juror could conclude that the lending institutions were unaware of the fraudulent activity, even though in two cases a lender employee was apparently aware of the fraud. Particularly compelling is the evidence suggesting that appellant and her co-conspirators routinely submitted false and dishonest documents to lenders to facilitate the fraudulent activity.

■ Second, applying the four factors articulated in *United States v. Fernandez,* 388 F.3d 1199, 1241 (9th Cir.2004), the district court did not abuse its discretion by refusing to sever appellant's trial from that of her co-conspirator. *See United States v. Williams,* 989 F.2d 1061, 1070–71 (9th Cir.1993).

■ Third, the district court did not abuse its discretion by admitting evidence of two co-defendants' guilty pleas because the danger of unfair prejudice did not substantially outweigh the evidence's probative value. *See United States v. Halbert,* 640 F.2d 1000, 1004–05 (9th Cir.1981) (per curiam).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Fourth, the district court did not abuse its discretion by admitting certain documentary and testimonial evidence. With one exception that is not a ground for reversal, appellant fails to identify with adequate specificity the evidence to which she refers. Moreover, appellant's presentation of this argument fails to meet Federal Rule of Appellate Procedure 28(a)'s pleading requirements.

■■ Fifth, the district court's conspiracy instruction was proper because it explicitly referred to the elements of wire fraud correctly defined in Juror Instruction 11A. Additionally, "[a] defendant is entitled to an instruction on [her] theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *United States v. Morton,* 999 F.2d 435, 437 (9th Cir.1993). Appellant was not entitled to a deliberate ignorance instruction because the instruction is rarely to be given, and only concerns the intent of the defendant, not the mental state of a victim. *See* 9th Cir. Crim. Jury Instr. 5.7 cmt. (2003). In any event, appellant's presentation of this argument fails to meet Federal Rule of Appellate Procedure 28(a)'s briefing requirements.

■ Sixth, appellant has failed to demonstrate how the district court's comments at sentencing legally negate, or even affect, either the jury's verdict or the court's sentence.

■ Seventh, the government was not required to establish through in-court identification that appellant was the person who committed the charged offenses. *See United States v. Alexander,* 48 F.3d 1477, 1490 (9th Cir.1995). The jury could have easily inferred appellant's identity from the facts and circumstances of the case, including the fact that numerous witnesses testified as to Gibson's conduct without raising a question as to her identity. *Cf. id.*

■ Eighth, the district court did not abuse its discretion in determining the amount of loss suffered by the victims of the conspiracy for purposes of sentencing and restitution. "The court need only make a reasonable estimate of the loss, given the available information." *United States v. Peyton,* 353 F.3d 1080, 1090 n. 11 (9th Cir.2003) (quoting *United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir. 1999)). Here, the district court calculated a reasonable estimate in sufficient detail pursuant to its broad restitution authority. *See United States v. Laney,* 189 F.3d 954, 964–65 (9th Cir.1999). U.S. Sentencing Guidelines Manual § 2B1.1, application note 3(E)(ii), does not apply because the collateral was not pledged or provided "by the defendant." With regard to appellant's restitution argument, she has failed to meet Federal Rule of Appellate Procedure 28(a)'s pleading requirements.

■ Finally, the district court's sentence of Gibson to 30 months of imprisonment was reasonable because the court correctly calculated the Sentencing Guidelines, and adequately considered and reasonably applied 18 U.S.C. § 3553(a). *See United States v. Sylvester Norman Knows His Gun, III,* 438 F.3d 913, 918 (9th Cir. 2006).

**AFFIRMED.**