UNITED STATES of America, Plaintiff—Appellee,

v.

Dale D. GIBBONS, Defendant— Appellant.

No. 05–30144.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2006.

Decided Aug. 16, 2006.

George JC Jacobs, III, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald R. Smith, Esq., Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Appellant Dale D. Gibbons appeals his conviction for wire fraud and conspiracy to commit wire fraud, his sentence of 60 months of imprisonment, 3 years of supervised release, and an order to pay restitution in the amount of $449,935.76. The facts and procedural history are known to the parties, and we do not repeat them here.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

First, a rational trier of fact could have found the elements of the offenses proven beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Viewing the evidence in the light most favorable to the government, a rational juror could conclude that the lending institutions were unaware of the fraudulent activity, even though in two cases a lender employee was apparently aware of the fraud. Particularly compelling is the evidence suggesting that appellant and his co-conspirators routinely submitted false and dishonest documents to lenders to facilitate the fraudulent activity.

Second, applying the four factors articulated in *United States v. Fernandez,* 388 F.3d 1199, 1241 (9th Cir.2004), the district court did not abuse its discretion by refusing to sever appellant's trial from that of his co-conspirator Sally Gibson after admitting her written statement. *See United States v. Williams,* 989 F.2d 1061, 1070–71 (9th Cir.1993).

Third, the district court did not abuse its discretion by admitting evidence of two co-defendants' guilty pleas because the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. *See United States v. Halbert,* 640 F.2d 1000, 1004–05 (9th Cir.1981) (per curiam).

Fourth, the district court did not abuse its discretion by admitting certain documentary and testimonial evidence. With one exception that is not a ground for reversal, appellant fails to identify with adequate specificity the evidence to which he refers.

Fifth, the district court's conspiracy instruction was proper because it ex-

of this circuit except as provided by 9th Cir. R. 36–3.

plicitly referred to the elements of wire fraud correctly defined in Juror Instruction 11A. Additionally, "[a] defendant is entitled to an instruction on his theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *United States v. Morton,* 999 F.2d 435, 437 (9th Cir.1993). Appellant was not entitled to a deliberate ignorance instruction because the instruction is rarely to be given, and only concerns the intent of the defendant, not the mental state of a victim. *See* 9th Cir.Crim. Jury Instr. 5.7 cmt. (2003).

■ Sixth, appellant has waived the argument that no witness identified him as the person who committed the offense because he has failed to raise it in the "Argument" section of his opening brief. *See* Fed. R.App. P. 28(a)(9); *United States v. Curtin,* 443 F.3d 1084, 1094 (9th Cir.2006).

■ Seventh, the district court did not abuse its discretion in determining the amount of loss suffered by the victims of the conspiracy for purposes of sentencing or restitution. "The court need only make a reasonable estimate of the loss, given the available information." *United States v. Peyton,* 353 F.3d 1080, 1090 n. 11 (9th Cir.2003) (quoting *United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir.1999)). Here, the district court calculated a reasonable estimate in sufficient detail pursuant to its broad restitution authority. *See United States v. Laney,* 189 F.3d 954, 964–65 (9th Cir.1999). U.S. Sentencing Guidelines Manual § 2B1.1, application note 3(E)(ii) (2003), does not apply because the collateral was not pledged or provided "by the defendant."

■ Eighth, the district court did not abuse its discretion by enhancing appellant's sentence because evidence in the record demonstrated that he was in a position of trust, that he defrauded a large number of vulnerable victims, *see United States v. Peters,* 962 F.2d 1410, 1417–18

(9th Cir.1992); *United States v. Kentz,* 251 F.3d 835, 842–43 (9th Cir.2001), was the organizer or leader of a criminal activity, *see United States v. Salcido–Corrales,* 249 F.3d 1151, 1154 (9th Cir.2001), and that the offense was committed through mass-marketing. Moreover, appellant has not met his burden to demonstrate that he is entitled to a downward departure for a minor or minimal role, which is to be granted only in "exceptional circumstances." *United States v. Hernandez–Franco,* 189 F.3d 1151, 1160 (9th Cir.1999) (internal quotation marks omitted).

■ Finally, the district court's sentence of Gibbons to 60 months of imprisonment was reasonable because the court correctly calculated the Sentencing Guidelines, and adequately considered and reasonably applied 18 U.S.C. § 3553(1). *See United States v. Sylvester Norman Knows His Gun, III,* 438 F.3d 913, 918 (9th Cir. 2006).

**AFFIRMED.**