UNITED STATES of America, Plaintiff—Appellee,

v.

Adrian Ultiminio SANCHEZ–MACIAS, Defendant—Appellant.

No. 05–10294.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 29, 2006.

Elizabeth R. Berenguer, Esq., USTU–Office of the U.S. Attorney, Evo A. Deconcini, Tucson, AZ, for Plaintiff–Appellee.

Lee Tucker, Esq., Tucson, AZ, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Adrian Ultiminio Sanchez–Macias appeals from his 48–month sentence imposed following a guilty-plea conviction for possession with intent to distribute methamphetamine, possession with intent to distribute cocaine, importation of methamphetamine, and importation of cocaine, all in violation of 21 U.S.C. §§ 841, 952, and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the sentence for reasonableness, *see United States v. Booker*, 543 U.S. 220, 260–64, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we affirm.

Sanchez–Macias contends that the district court imposed an unreasonable sentence because it failed to consider and failed to state its conclusions on each of the 18 U.S.C. § 3553(a) factors. Sanchez–Macias' contention lacks merit. To comply with the requirements of *Booker*, the district court must consider the advisory Sentencing Guidelines and the factors listed in § 3553(a). *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006). However, this "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *Id.* Here, the district court properly considered the advisory Sentencing Guidelines and the

§ 3553(a) factors, specifically, the seriousness of the actual offense behavior and the need to promote respect for the law.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

