**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nhan Le TRAN, Defendant—Appellant.**

**No. 05–10571.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 18, 2006.\*

Decided Aug. 31, 2006.

Gary G. Fry, AUSA, USSJ–Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Anthony Phillip Brooklier, Esq., Marks & Brooklier, Los Angeles, CA, for Defendant–Appellant.

Before: HAWKINS and THOMAS, Circuit Judges, and MILLER,\*\* District Judge.

MEMORANDUM \*\*\*

Nhan Le Tran ("Tran") appeals from his post-*Booker* resentencing. We affirm.

Although Tran argues that the district court failed to consider the relevant mitigating factors set forth in 18 U.S.C. § 3553(a), the record reveals that the court was both aware of its discretion to consider these additional factors, and did consid-

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

er and was "moved" by them. However, in weighing these mitigating factors against the seriousness of the crime and the circumstances of the offense—factors the court is also obligated to consider under § 3553(a)—the court ultimately found the mitigating factors did not justify a shorter sentence.[1] It is therefore apparent that the district court *did* adequately consider the factors set forth in § 3553(a); it simply did not weigh them in the manner Tran would have preferred. *Cf. United States v. Carty*, 453 F.3d 1214 (9th Cir.2006); *see also United States v. Norman Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006).

Tran does not allege that the district court erred in calculating his sentence under the Sentencing Guidelines. Thus, we review Tran's post-*Booker* sentence for "reasonableness." *See United States v. Mix*, 457 F.3d 906, 2006 WL 2268636 *4 (9th Cir.2006). In light of the seriousness of Tran's crimes and his leadership role in those offenses, his sentence of 272 months is not unreasonable.

AFFIRMED.

---

1. Tran's emphasis on the court's statement "I'm not actually taking into consideration any of your family circumstances" is misplaced. It is apparent from the context of this statement that the court had considered the circumstances, but found they did not justify a further reduction in sentence because of the severity of the crime: "It does appear to me that the offense, the offense here was, was a serious enough offense that these are

not circumstances where, where those would serve as mitigating factors."

