**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lorin Michael GOBERT, Defendant–
Appellant.**

No. 06–30208.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2006.*

Filed Jan. 10, 2007.

Joseph E. Thaggard, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Esq., FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Lorin Gobert challenges his sentence following his guilty plea for involuntary manslaughter. He argues that the district court failed adequately to consider certain sentencing factors in 18 U.S.C. § 3553(a),

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

thus violating the requirements of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Federal Rule of Criminal Procedure 32(i)(3).

■ The district court did not violate *Booker* in crafting Gobert's sentence. *Booker* does not require district courts significantly to analyze or even mention every § 3553(a) factor. *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) ("This [*Booker*] requirement does not necessitate a specific articulation of each factor separately ..."). Rather, the district court must provide "specific reasons for [its] sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration" of the § 3553(a) sentencing factors. *United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir.2006).

The district court substantially discussed several of the § 3553(a) factors. The court provided adequate "specific reasons" to justify Gobert's sentence. The district judge recounted in detail the specific circumstances of the offense under § 3553(a)(1) and the seriousness of the offense under § 3553(a)(2)(A). The judge also crafted special post-release restrictions on Gobert's ability to consume alcohol or enter alcohol-related businesses, thus indicating that he considered Gobert's need for correctional alcohol treatment under § 3553(a)(2)(D).

■ Nor did the district court's analysis violate Federal Rule of Criminal Procedure 32(i)(3). Rule 32(i)(3) requires only that the sentencing court rule on disputed factual matters. It does not apply to disputed opinions or legal conclusions. *See United States v. Lindholm*, 24 F.3d 1078, 1085 n. 7 (9th Cir.1994). At sentencing,

the parties did not dispute any relevant facts. Their dispute was the legal question of what sentence Gobert should receive in light of the § 3553(a) factors. Thus, Rule 32(i)(3) is inapposite here.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.