UNITED STATES of America, Plaintiff—Appellee,

v.

Cedric Marvin JACKSON, Jr., Defendant—Appellant.

No. 06–30395.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2007 *.

Filed March 9, 2007.

Helen J. Brunner, Esq., William Henry Redkey, Jr., Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Brian Tsuchida, Esq., Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM **

While serving a term of supervised release following a prior revocation of supervised release, Cedric M. Jackson submitted false proof of employment to his probation officer. He pleaded guilty to making a false statement under 18 U.S.C.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1001 and was sentenced to 12 months of incarceration and another three years of supervised release. He now challenges that sentence on two grounds, both without merit.

Contrary to Jackson's assertion, the district court did not mistakenly interpret the Federal Sentencing Guidelines to advise that Jackson's sentence *should* include a term of supervised release. Rather, the judge's comments make clear that he determined that supervised release was appropriate, given the context of Jackson's conviction.

Moreover, the district court adequately considered the sentencing factors enumerated in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(c). *See generally* 18 U.S.C. § 3553(c). The judge referred in sentencing to the Guidelines, the nature and circumstance of the offense, the history and characteristics of the defendant, and the need for the sentence to protect the public. *See generally United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) (holding that § 3553 "does not necessitate a specific articulation of each [sentencing] factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not except as provided by 9th Cir. R. 36–3.