**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gabriel GASTELUM–VELASQUEZ,**
**Defendant–Appellant.**

**No. 06–10019.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2007.

Filed March 21, 2007.

Jerry R. Albert, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Matthew Davidson, Esq., Nogales, AZ, for Defendant–Appellant.

Before: TASHIMA and CALLAHAN, Circuit Judges, and SCHIAVELLI *, District Judge.

## MEMORANDUM **

Gabriel Gastelum–Velasquez was caught smuggling 81 pounds of cocaine into the United States. He appeals his sentence of fifteen years' incarceration following his guilty plea on four counts of drug trafficking under 21 U.S.C. §§ 841, 846, 952(a), 960 & 963.[1] He argues that the district court did not consider all of the factors required by 18 U.S.C. § 3553(a), that the court erred in failing to treat him as a minor participant in the crime, and that his overall sentence was unreasonable.

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

■ Gastelum–Velasquez's main contention is that the district court did not consider all of the § 3553(a) factors. Although the district court did not explicitly cite or quote § 3553(a), the record indicates that it considered all of the relevant § 3553(a) factors. In *United States v. Knows His Gun*, 438 F.3d 913, 919 (9th Cir.2006), we held that articulation of some § 3553(a) factors was sufficient, so long as the record indicates that all of the relevant factors were considered.

■ Moreover, even if the district court's failure to explicitly discuss § 3553(a) was error, because Gastelum–Velasquez did not object to the district court's explanation of the sentence, this issue is reviewed for plain error. *Id.* at 918. "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* The district court listened patiently to the arguments with respect to job training and drug rehabilitation raised by Gastelum–Velasquez prior to sentencing him. If there was any error at all it was nothing more than an oversight in failing to explicitly mention § 3553(a) factors. This did not affect substantial rights nor affect the fairness, integrity, or public reputation of the proceedings, and so it was not plain error. *Id.*

■ Gastelum–Velasquez also argues that he was entitled to a minor participant reduction under U.S.S.G. § 3B1.2. He ar-

---

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts so we do not discuss the details.

gues that the district court's findings about his role in the crime were not supported by evidence. "Whether a defendant is a minor or minimal participant is a factual determination subject to the clearly erroneous standard." *U.S. v. Lui*, 941 F.2d 844, 848 (9th Cir.1991). Here, at least two of the reasons mentioned for rejecting the § 3B1.2 reduction—there was a large amount of drugs involved and Gastelum–Velasquez recruited another person to help—were supported by evidence and are sufficient in themselves to support denial of the minor participant reduction. *See id.* at 849 (upholding denial of reduction when defendant had twenty-five pounds of heroin).

▮ Finally Gastelum–Velasquez argues that his 180–month sentence was unreasonable, primarily because "his criminal history was due to a traumatic childhood." Given the amount of drugs involved, the fact that Gastelum–Velasquez recruited another person into the conspiracy, and the fact that he had several prior convictions, a fifteen-year sentence was not unreasonable.

The judgment of the district court is **AFFIRMED.**