**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**HOANG MUNG THAI, Defendant—**
**Appellant.**

No. 06–30303.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2007.*

Filed May 9, 2007.

Helen J. Brunner, Esq., Todd L. Greenberg, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Carol A. Elewski, Esq., Tumwater, WA, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Hoang Mung Thai pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Thai was subject to a 60–month statutory minimum, and requested a 70–month sentence. In a memorandum to the district court and again at his sentencing hearing, Thai noted certain relevant personal characteristics, including his "severe" "addiction" to "crack cocaine," his childhood in Vietnam "during the turmoil of war," and his legitimate work history. The government recommended a sentence of 108–120 months. The district court sentenced Thai to 108 months incarceration with 60 months of supervised release.

On appeal, Thai raises three challenges to his sentence. For the reasons detailed below, we vacate the sentence and remand for resentencing.

■ Although the district judge stated he had read the sentencing memoranda and heard argument from both Thai's counsel and the government, the only factors the district court acknowledged at sentencing were Thai's cooperation, the government's lenient plea offer, and Thai's criminal history. Under *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006), 18 U.S.C. § 3553(a) "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." Yet, when a defendant draws the court's attention to specific characteristics, the district court must at least address them. *See Knows His Gun*, 438 F.3d at 920 (suggesting remand would be appropriate if district court failed to address factors expressly raised by the defendant).

The district judge did not address any of the matters to which Thai's counsel explicitly drew the court's attention: Thai's severe crack cocaine addiction, the trauma Thai suffered as a refugee from war-torn Vietnam, his extended periods of successful legal employment, his role as a drug addicted middle man in the offense, and his failure to accumulate any wealth as a result of his involvement in the drug trade. The specific characteristics addressed by Thai's counsel in his sentencing memorandum and at the sentencing hearing contained information that was relevant to proper consideration of § 3553(a)(1), "the history and characteristics of the defendant." Because we cannot discern from the record whether the district judge considered these matters, the sentence is vacated and we remand to provide the district court the opportunity to consider Thai's history and personal characteristics in reference to appropriate sentencing factors.

■ The government concedes that the district court committed plain error when it imposed conditions of supervised release in its written judgment that were not orally pronounced. On remand, the oral pronouncement of the sentence and the written judgment must be in conformity. *See United States v. Napier*, 463 F.3d 1040, 1042–43 (9th Cir.2006) (vacating sentence

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and remanding under similar circumstances).

■ Finally, Thai objects to one of the specific conditions imposed as part of his supervised release, requiring him to participate in a mental health treatment program. Thai did not object to this condition at sentencing, so we review its validity for plain error. *See, e.g., United States v. Rearden,* 349 F.3d 608, 618 (9th Cir.2003). Plain error is error that is "clear" and "obvious." *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In light of Thai's documented history and characteristics, it was not plain error for the district court to impose the mental health treatment condition.

**SENTENCE VACATED AND RE-MANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.