**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis HERNANDEZ–FELIX, aka Jose L. Hernandez–Felix, Jose Luis Hernandez, Defendant–Appellant.**

**No. 07–10052.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2007.*

Filed Dec. 7, 2007.

Angela M. Martinez, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

David Ramirez Valadez, Esq., Law Office of David R. Valadez, PC, Tucson, AZ, for Defendant–Appellant.

Before: D.W. NELSON and REINHARDT, Circuit Judges, and OBERDORFER **, Senior Judge.

MEMORANDUM ***

Jose Luis Hernandez–Felix appeals the twenty-four month sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). We review arguments raised

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for the first time on appeal for plain error. *United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Sylvester Norman Knows His Gun, III,* 438 F.3d 913, 918 (9th Cir. 2006), *cert. denied,* 547 U.S. 1214, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006).

Hernandez–Felix's objection to the district court's sentence, which was twelve months above the recommended Guidelines sentence, "is essentially a challenge to the 'reasonableness' of the ultimate sentence." *United States v. Menyweather,* 447 F.3d 625, 634 (9th Cir.2006), *amending and superseding* 431 F.3d 692 (9th Cir. 2005). It is undisputed that Hernandez–Felix failed to register as a sex offender and was carrying a photograph of his young step-daughter, whom he was prohibited from contacting by a protective order, at the time of his arrest. Given these facts, Hernandez–Felix's sentence of twenty-four months was not unreasonable.

The district court considered pertinent 18 U.S.C.A. § 3553(a) factors and explained its reasons for imposing a non-Guidelines sentence with specificity. District courts need only provide enough reasoning for their sentencing decisions so "that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a)." *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006). The district court stated that the defendant's failure to register as a sex offender after his conviction for child molestation made him a danger to the community. In addition, the district court considered the presentence report which discussed the perceived need to deter future criminal conduct as a § 3553(a) factor warranting departure in this case.

Hernandez–Felix waived his argument regarding Arizona registration statutes when he failed to raise it in the district court and in his opening brief. *Eberle v.*

*City of Anaheim,* 901 F.2d 814, 817–18 (9th Cir.1990). As a result of this waiver, we decline to consider whether Hernandez–Felix was required to register under Arizona law.

AFFIRMED.