**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Neister VIVAS, a/k/a Neiser Vivas,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Neister Vivas, a/k/a Neiser Vivas,
Defendant—Appellant.**

Nos. 05–50561, 05–50567.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2006.

Filed Aug. 16, 2006.

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Becky S. Walker, Esq., Keri Curtis Axel, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant-Appellant.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,\* District Judge.

MEMORANDUM \*\*

Neiser Vivas appeals his guilty-plea conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), his sentence pursuant to that conviction, and a sentencing enhancement imposed under 8 U.S.C. § 1326(b). We affirm the conviction, but vacate the sentence. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Vivas's claim that 18 U.S.C. § 922(g) is unconstitutional is precluded by Supreme Court precedent. *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977); *see also United States v. Cortes,* 299 F.3d 1030, 1037 n. 2 (9th Cir.2002) ("Until the Supreme Court tells us otherwise . . ., we follow *Scarborough* unwaveringly.").

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Vivas claims that the sentence imposed by the district court was unreasonable under *United States v. Booker*, 543 U.S. 220, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the court failed to explain why it chose the sentence it imposed. The relevant statute, 18 U.S.C. § 3553(c), requires that "[t]he court at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553. Although we have not yet established the standard for the extent to which a sentencing court must explain its reasons for the sentence it chooses to impose, it is clear that the court must provide some explanation. *See United States v. Sylvester Norman Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) (holding that, although there need not be "a specific articulation of each factor separately," there must be "a showing that the district court considered the statutorily-designated factors in imposing a sentence."). The record does not contain an explanation by the district court of its reasoning. Therefore, we must vacate the sentence and remand for further proceedings.

Given this result, we need not reach any other issues urged by the parties.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**