**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis RAMIREZ–CRUZ, Defendant—
Appellant.**

No. 04–50362.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Becky S. Walker, Esq., Curtis A. Kin, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Brian A. Newman, Esq., Law Offices of Brian A. Newman, Culver City, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Luis Ramirez–Cruz appeals from the 57–month sentence imposed following his guilty plea to a violation of 8 U.S.C. § 1326(a), as enhanced by (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the sentence and remand.

▪ Ramirez–Cruz contends that the district court violated his constitutional rights by imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based on a prior conviction that was neither proved to a jury nor admitted during the plea colloquy. This contention is foreclosed by *United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir.2005).

▪ Although Ramirez–Cruz's sentence was imposed prior to the Supreme Court decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), there was no violation of the Sixth Amendment because the district court adequately conveyed that it would impose the same sentence in the absence of mandatory sentencing enhancements, its sentence was reasonable, and its sentence considered adequately the factors of 18 U.S.C. § 3553(a). *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) (finding no constitutional *Booker* error where "the district court provided an alternative sentence that correctly anticipated the holding of *Booker* and exercised discretion in imposing a sentence within the statutory range").

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir.

2000), we remand with instructions that the district court delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding *sua sponte* to delete reference to § 1326(b)).

**AFFIRMED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

