Before: ALDISERT,* KLEINFELD, and W. FLETCHER, Circuit Judges.

## ORDER

On January 20, 2006, the Bankruptcy Court entered an order confirming United Airlines's petition for reorganization. Pursuant to this order, United Airline's second amended plan of reorganization became effective February 1, 2006. On March 23, 2006, United Airlines filed its notice of discharge with this Court. Pursuant to 11 U.S.C. § 1141(d) and the terms of the plan, the bankruptcy order discharges and releases United from certain claims and causes of action, including the pre-confirmation claims being advanced by appellant in this appeal. Pursuant to 11 U.S.C. § 524(a), the discharge operates as an injunction against the continuation of any action to recover any debt discharged under the plan. The automatic stay is no longer in effect because the bankruptcy order has now been entered. Accordingly, this appeal is dismissed. Each party shall bear its own costs.

---

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel Lee BROMLIE, Defendant–Appellant.**

**No. 06–30050.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Sept. 27, 2006.

USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Andrew I. Huff, Law Office of Andrew I. Huff, Helena, MT, for Defendant–Appellant.

Before: SILVERMAN and GOULD, Circuit Judges, and RHOADES,* District Judge.

## MEMORANDUM **

Appellant Daniel Lee Bromlie ("appellant") challenges his 96–month sentence for Unlawful User of a Controlled Substance in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(3).

Appellant's arguments to the contrary notwithstanding, the district court correct-

---

* The Honorable Ruggiero J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation.

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ly calculated his criminal history category. The district court properly assigned points for appellant's DUI sentence. *See* U.S.S.G. § 4A1.2, Application Note 5. Moreover, the district court did not err in assigning three points to a sentence imposed in CDC–03–030 and three points to a sentence imposed in CDC–04–072, as the sentences were not imposed in "related cases," and the Guidelines specifically allow a sentence for a new conviction to be counted separately from a sentence imposed upon revocation resulting from the conduct underlying the new conviction. *See* U.S.S.G. § 4A1.2, Application Note 11. Furthermore, in light of the advisory Guidelines and appellant's extensive and long-term criminal history, the criminal history category the district court used was reasonable.

The district court also properly performed its duties post-*Booker*.[1] It is clear that the district recognized that the Guidelines are only advisory in nature. Moreover, the district court stated that it had considered the § 3553(a) factors, and it specifically addressed some of the relevant factors. Although the district court did not specifically mention the "mitigating" evidence in its explanation of the sentence, it is clear from the colloquy with counsel prior to the imposition of the sentence that the court was aware of this evidence. Given that the district court stated that it had considered all of the relevant factors, which includes the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), there is no reason to believe that the district court failed to consider this evidence. We find no error in the district court's approach. *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006) ("To comply with the requirements of *Booker*, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence.").

Finally, in light of defendant's extensive criminal history involving drugs (marijuana, cocaine and methamphetamine), violence, and the possession of weapons and the concomitant need for protecting society from appellant, the resulting sentence is clearly reasonable even if appellant's version of the relevant facts is believed.

AFFIRMED.

---

1. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).