**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Lee STOCKTON,
Defendant–Appellant.**

No. 06–30168.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Jan. 22, 2007.

Joseph H. Harrington, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Mark David Mestel, Mestel & Muenster, Everett, WA, for Defendant–Appellant.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Michael Lee Stockton appeals his convictions for possession with intent to distribute 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute 100 kilograms of marijuana, in violation of 21 U.S.C. § 846; conspiracy to import 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 952, 963; and damage to government property, in violation of 18 U.S.C. § 1361. He also appeals his sentence. Because the parties are familiar with the facts, we will not recite them here.

---

\* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## I.

■ Stockton challenges the district court's denial of his motions to suppress evidence of marijuana discovered by border patrol agents in a search of his rental property, a shed where he lived. The search followed two warrantless entries onto the property, and the warrant finally obtained was based on an affidavit that contained statements the government has admitted were false. Although the district court erred in sanctioning the warrantless searches, even without the disputed portions of the affidavit supporting the warrant, the final search would survive probable cause analysis. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Omitting the challenged evidence, the affidavit related that smuggling suspects were apprehended in the vicinity of the shed. Backpack frames with trace amounts of marijuana were found in the vicinity of the shed, but no packs were attached to the frames. And, footprints and drag marks were found between the frames and the shed.

Reviewing the question *de novo,* after excising the false statements and illegally obtained evidence, the affidavit still indicates a "fair probability" that contraband evidence would be found inside the shed. *See United States v. Reeves,* 210 F.3d 1041, 1044–46 (9th Cir.2000).

## II.

■ Stockton raises two arguments with respect to his sentence. First, he appeals the two-point leadership enhancement of his sentence under United States Sentencing Guidelines § 3B1.1(c), claiming that he was not a leader or organizer of others. Note Two to United States Sentencing Guidelines § 3B1.1(c) states: "An upward departure may be warranted ... in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." The two-point management enhancement was warranted here since Stockton exercised exclusive dominion and control over more than 100 kilograms of marijuana located in his rental property.

■ We remand for resentencing on Stockton's second sentencing challenge: on this record we cannot determine whether the district court fully considered the issues presented in Dr. Mays' psychiatric evaluation of Stockton. Under *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006), 18 U.S.C. § 3553(a) "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily designated factors in imposing a sentence." Yet, when a defendant offers a report regarding specific characteristics, the district court must at least consider it. *See, e.g., United States v. Mix,* 457 F.3d 906, 913 (9th Cir.2006) (district court properly considered psychological evaluation of defendant); *Knows His Gun,* 438 F.3d at 920 (suggesting remand would only be appropriate if district court failed to address factors expressly raised by the defendant); *see also United States v. Cooper,* 437 F.3d 324, 332 (3d Cir.2006) (holding district court must consider any sentencing grounds properly raised by the parties which have legal merit and factual support in the record).

The report prepared by Dr. Mays and specifically addressed by Stockton's counsel in the sentencing memorandum and at the sentencing hearing contained information that was important to proper consideration of § 3553(a)(1), "the history and characteristics of the defendant." The re-

port revealed that Stockton had an "estimated IQ of 79 ... above the level considered to reflect mental retardation (an IQ of 70 or below), but not substantially above this level," indicating significantly below-average intelligence. The report explained that Stockton had "emotional depression and anxiety," potential "bipolar disorder," a history of "attempting suicide," and "physical abuse and childhood trauma." Dr. Mays provided various psychiatric diagnoses and placed Stockton "in the range of those who are evaluated as seriously impaired in functioning as a result of their psychiatric illnesses."

Because we cannot discern from the record whether the district judge considered these matters, the sentence is vacated and we remand to provide the district court the opportunity to consider the impact of Stockton's reported psychiatric illnesses on appropriate sentencing factors.

**CONVICTION AFFIRMED;**

**SENTENCE VACATED AND REMANDED.**