**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Harvey WASHBURN,**
**Defendant–Appellant.**

No. 05–30499.

United States Court of Appeals,
Ninth Circuit.

Resubmitted June 5, 2007 *.

Filed June 7, 2007.

Gary Y. Sussman, Esq., USPO—Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Christopher J. Schatz, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: REINHARDT, TASHIMA, and GRABER, Circuit Judges.

### MEMORANDUM **

Defendant Robert Harvey Washburn pleaded guilty to bank robbery. The district court sentenced him to 151 months' imprisonment after considering the Career Offender provision of the United States Sentencing Guidelines. U.S.S.G. § 4B1.1. Defendant argues that this sentence was unreasonable. Generally, we review the sentence imposed by the district court for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006).

The district court simply recited that the Guidelines are advisory, that Defendant qualified as a career offender, and that, "in the exercise of its discretion, the court finds that departure is not warranted." Under *United States v. Booker,* 543 U.S. 220, 260–61, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this statement, which fails to mention the statute, was too conclusory to demonstrate that the court actually considered all the statutory factors, and too conclusory to allow meaningful appellate review. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.) ("To comply with the requirements of *Booker,* the district court must have sufficiently considered the . . . factors listed in

§ 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence."), *cert. denied,* —— U.S. ——, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006). Accordingly, we remand so that the district court may consider, and demonstrate that it has considered, the § 3553(a) factors.

Defendant's remaining argument, that his prior convictions should have been alleged in the information and either admitted or proved beyond a reasonable doubt to a jury, is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 243–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See also United States v. Grisel,* 488 F.3d 844, 846 (9th Cir.2007) (en banc) (noting that *Almendarez–Torres* remains good law). Defendant's argument that we should invoke the doctrine of constitutional doubt is foreclosed by *Grisel,* 488 F.3d at 846–47.

VACATED and REMANDED for resentencing.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.