**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50286 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01290-R |
| v. | |
| BILLY ALFARO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Billy Alfaro appeals from the 180-month sentence imposed following his

guilty-plea conviction for receipt of child pornography, in violation of 18 U.S.C.

§§ 2252A(a)(2)(A), (b)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Alfaro contends that the district court failed to give an adequate explanation for the sentence it imposed and thereby committed procedural error. We review for plain error because Alfaro did not object to the district court's alleged failure to sufficiently explain the sentence imposed. *See United States v. Sylvester Norman Knows His Gun*, 438 F.3d. 913, 918 (9th Cir. 2006). The district court explanation was sufficient. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007). Accordingly, there was no error, let alone plain error. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

Alfaro also contends that his sentence is substantively unreasonable because some of the 18 U.S.C. § 3553(a) factors, particularly his history and characteristics, allegedly counseled toward leniency in sentencing. In light of the totality of the circumstances, including facts set out in the PSR indicating conduct that is much more serious than mere receipt of child pornography, the within-Guidelines sentence is not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v Carty*, 520 F.3d 984, 994-95 (9th Cir. 2008) (en banc).

**AFFIRMED.**

10-50286