**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50583 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01576-LAB |
| v. | |
| JULIO CESAR SANCHEZ-VALENZUELA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 2, 2011[**]

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Julio Cesar Sanchez-Valenzuela appeals from the 75-month sentence

imposed following his guilty-plea convictions for attempted entry after deportation

and fraud and misuse of an identity document to gain entry, in violation of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. §§ 1326 & 1546(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez-Valenzuela contends that the district court failed to give an adequate explanation for the sentence it imposed and thereby committed procedural error.  We review for plain error because Sanchez-Valenzuela did not object to the district court's alleged failure to sufficiently explain the sentence imposed.  *See United States v. Sylvester Norman Knows His Gun*, 438 F.3d. 913, 918 (9th Cir. 2006).   The district court's explanation was sufficient.  *See Rita v. United States*, 551 U.S. 328, 356-58 (2007).  Accordingly, there was no error, let alone plain error.  *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

Sanchez-Valenzuela also contends that his sentence is substantively unreasonable because the district court refused to reduce his sentence further despite the fact that his prior conviction that added 16 levels to his Guidelines calculation was twelve years old.  In light of the totality of the circumstances, including the district court's concerns about Sanchez-Valenzuela's "rather continual criminality" and the short timeframe between his release from prison and the instant offense, the nine month below-Guidelines sentence is not substantively

10-50583

unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v Carty*, 520 F.3d 984, 994-95 (9th Cir. 2008) (en banc).

**AFFIRMED.**