**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10283 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00327-CRB-2 |
| v. | |
| ISAACK HOLLISTER PAOPAO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,[**] District Judge.

Isaack Paopao appeals his conviction and sentence for conspiracy to

distribute and to possess with intent to distribute a controlled substance under 21

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

U.S.C. §§ 841(b)(1)(C) and 846, and for using a communication facility to commit a drug-trafficking offense under 21 U.S.C. § 843(b).

**1.** The district court properly denied Paopao's motion to dismiss the indictment under the Double Jeopardy Clause. During his first trial, Paopao moved for and received a mistrial when the government's key witness, Akapana Mauga, to whom it had referred repeatedly throughout trial, did not appear to testify. "[W]here the defendant moves for a mistrial," the general rule is that "the Double Jeopardy Clause is no bar to retrial." *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982). There is a "narrow exception" to that rule, *id.*, for "cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial," *id.* at 679. Our review of the factual findings underlying the district court's denial is for clear error. *See United States v. Lopez-Avila*, 678 F.3d 955, 961 (9th Cir. 2012).

The district court did not clearly err in finding that the government did not intentionally provoke Paopao into moving for a mistrial by referring to Mauga at trial. As one of the prosecutors averred, the government had good reason to think that Mauga would appear to testify. Mauga entered into a plea agreement stating that he would testify at the government's request, and he attended six pretrial meetings to prepare for his testimony. On the morning of the first day of trial, Mauga told a DEA agent by phone that he was on his way to the courthouse. Later

that afternoon, after it became clear that Mauga was defying the subpoena, the government obtained a bench warrant for his arrest. As the district court recalled in denying Paopao's motion to dismiss, the prosecutors that day "were in sort of a state of panic … basically demanding that I sign a bench warrant within 15 minutes of receiving it."

Based on the prosecutor's averments and its own observation of the prosecutors at trial, the district court was amply justified in finding that the government "had an expectation that the witness would appear," and thus that the government's references to Mauga during its opening statement and its subsequent introduction of Mauga's phone calls and conversations were not intended to provoke Paopao into moving for a mistrial.[1]

**2.**     Because Paopao did not object in the district court to its invocation of 18 U.S.C. § 3553(a)(6) when it imposed an above-Guidelines sentence to match the sentence of Paopao's fellow courier in the same conspiracy, Vani Melei, we review for plain error. *See United States v. Autery*, 555 F.3d 864, 869-70 (9th Cir. 2009). On plain error review, Paopao must establish that the district court's error was

---

[1] Nor was it an abuse of discretion for the district court to decline to hold an evidentiary hearing on the issue. Particularly given the district court's extensive involvement with this case, the court was not required to hold a hearing when "[t]here [was] nothing in the record that call[ed] into question the veracity of the prosecutor's representations." *See United States v. Hagege*, 437 F.3d 943, 953 (9th Cir. 2006).

plain and affected his substantial rights. *See United States v. Sylvester Norman Knows His Gun III*, 438 F.3d 913, 918 (9th Cir. 2006).

"Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (quoting *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006)). Regardless of the applicability of § 3553(a)(6) to co-defendants, Paopao cannot show that the district court's decision to match his sentence with Melei's was erroneous because the decision was appropriate under § 3553(a)(1). As we explained in *United States v. Saeteurn*, a district court may compare co-defendants "to ascertain each defendant's role in the drug conspiracy" as part of an evaluation of "the nature and circumstances of the offense" under § 3553(a)(1). 504 F.3d at 1181. That is precisely what happened here. Although it cited § 3553(a)(6), the district court explained that it was concerned with "the comparability of the commission of the offense," and it concluded that the actions of Paopao and Melei, who served in the same conspiracy, were "quite similar." Because it found their conduct similar, the district court could permissibly regard Melei's sentence as a "benchmark."

The fact that the district court believed there to be insufficient evidence to attribute any particular quantity of drugs to Paopao does not make his offense incomparable to Melei's. The district court simply lacked the information to arrive

16-10283

at a specific quantity for Paopao; it did not conclude that Paopao had conspired to distribute only a negligible quantity of drugs or even a lesser quantity than Melei.

**AFFIRMED.**