**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-283 |
| Plaintiff - Appellee, | 2:21-cr-00130-TOR-1 |
| v. | |
| MIGUEL ANTONIO MONDACA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted September 12, 2024
Seattle, Washington

Before: CHRISTEN and SUNG, Circuit Judges, and RAKOFF, District Judge**

Defendant Miguel Mondaca appeals the district court's judgment convicting

him of attempted and actual sex trafficking of a minor under the Trafficking and

Violence Protection Act, 18 U.S.C. §§ 1591(a) and 1594(a), the denial of his request

for a new trial on the same count, and the imposition of a thirty-year sentence. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

assume the parties' familiarity with the facts and recite them only as necessary. Viewing the evidence in the "light most favorable" to the Government, we review de novo the denial of a motion for judgment of acquittal. *United States v. Amintobia*, 57 F.4th 687, 697 (9th Cir. 2023). We review for abuse of discretion both the denial of a motion for a new trial and the reasonableness of the sentence imposed. *See United States v. Voris*, 964 F.3d 864, 869 (9th Cir. 2020); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court in all respects.

A conviction for attempted sex trafficking under § 1591 requires that the defendant be shown to be "aware of an established modus operandi that will in the future cause a person to engage in prostitution." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). The record contains sufficient evidence for a rational jury to find beyond reasonable doubt that Mondaca was aware of an established modus operandi that would cause his twelve-year-old victim to be trafficked. On day one of messaging the victim on an online social platform, Mondaca obtained the victim's home address and explained to her that "the *way it works* is I pick you verify my self with the customer then Skype the customer me and you then I take you to a spot and leave you there they come for you." Shortly thereafter, he added, "if you want to go by faster we can start with advertising you now" and took a substantial step towards achieving his stated sex-trafficking goal by requesting detailed information about

2

the victim (height, weight, breast size, languages, race, medical condition). Mondaca also requested "5 full body pictures then 4 close ups [and] 1 video," specifying different angles and body parts, which he subsequently received. These photographs both advanced and verified the existence of Mondaca's purpose to sex traffic the minor victim. *See United States v. Goetzke*, 494 F.3d 1231, 1236 (9th Cir. 2007).

While this evidence alone is sufficient to carry the Government's burden, Mondaca argues on appeal that his talk of the "way it works" was mere fantasy, because for the next approximately two weeks (before he was apprehended by the law enforcement), he never expressly mentioned sex trafficking again. In his subsequent conversations with the victim, however, Mondaca mentioned kidnapping her from her parent's home and ultimately bought a plane ticket to visit her in Washington. A reasonable jury could construe these actions as additional, independent substantial steps toward his expressed sex trafficking plan. For these reasons, the district court properly denied Mondaca's motion for judgment of acquittal, and it did not abuse its discretion in denying Mondaca's request for a new trial.

As for the reasonableness of his sentence, Mondaca argues that the district court did not adequately consider mitigating factors under 18 U.S.C. § 3553(a), namely his history of being sexually abused as a child, his diagnoses of depression and anxiety, and his lack of prior criminal history. But in fact, the record shows that

the court considered all evidence submitted by Mondaca. *See United States v. Knows His Gun*, 438 F.3d 913, 919 (9th Cir. 2006) (holding that articulation of some § 3553(a) factors was sufficient, so long as the record indicates that all of the relevant factors were considered.). Moreover, the district court reduced the offense level by four levels and varied Mondaca's sentence down to thirty years. The district court did not abuse its discretion in imposing this sentence.

**AFFIRMED.**